**Donald Allan WEIZENECKER,
Petitioner—Appellant,**

v.

**Frankie Sue DEL PAPA; et al.,
Respondents—Appellees.**

No. 04–17256.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 10, 2005.*

Decided Aug. 18, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul G. Turner, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Rene L. Hulse, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM **

We affirm the district court's denial of Donald Weizenecker's habeas petition.

█ We assume for purposes of decision, but do not decide, that Weizenecker's trial counsel misinformed him as to what sentence he could expect with his pleas of guilty. If so, this misinformation was corrected at the plea colloquy by the prosecutor, the court, and the written plea agreement. Weizenecker acknowledged his understanding when the court inquired, and when he signed the plea agreement. Thus, even if trial counsel was deficient in his performance, Weizenecker cannot show prejudice.[1]

Weizenecker's due process rights were not violated by the way in which the trial court advised him of the consequences of his plea. The court instructed him that he was facing a maximum penalty of life in prison, with the possibility of parole "after 20 years have been served." This, along with the prosecutor's explanation, was enough to inform Weizenecker that he was

facing a mandatory minimum sentence of twenty years.

█ Weizenecker's counsel was not deficient in her performance at the sentencing hearing. Trial counsel could not argue for probation for Weizenecker on the lewdness count because the psychologist had not certified Weizenecker as eligible for probation, which is a prerequisite to probation under Nevada law.[2]

█ The state court concluded that trial counsel's decision to present letters of support, rather than testimony from Weizenecker's mother and sister, was a strategic decision because live witnesses are unpredictable. This conclusion is supported by trial counsel's testimony at the evidentiary hearing in the state court. Counsel noted that she had discussed the possibility of live testimony with Weizenecker, but recommended against it because the prosecutor could have brought in harmful testimony through his mother and sister. The state court's decision that this was a strategic decision, and thus not deficient, was not contrary to, nor an unreasonable application of, *Strickland v. Washington*.[3]

█ Trial counsel was not deficient in conceding that her client's conduct was heinous. Trial counsel presented a strategy which was to not attempt to minimize Weizenecker's conduct, but to focus on his acceptance of responsibility and his lack of history with the criminal justice system. The state court concluded that "she did the best she could with what she had." This conclusion is not contrary to, nor an unrea-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. *See* Nev.Rev.Stat. § 176A.110(1) (1997).

3. *See* 28 U.S.C. § 2254(d).

**816**

sonable application of, *Strickland v. Washington.*

AFFIRMED.